UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCONTINENTAL TITLE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 07-288-ML |

**ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant Transcontinental Title Company ("Transcontinental") answers the Complaint (the "Complaint") filed by Old Republic Title Insurance Company ("Old Republic") as follows.

**The Parties and Jurisdiction**

1. Transcontinental admits that Old Republic is a Minnesota corporation. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint; accordingly such allegations are DENIED. Except to the extent specifically admitted in this paragraph, each and every allegation in paragraph 1 of the Complaint is DENIED.

2. Transcontinental admits the allegations set forth in Paragraph 2 of the Complaint.

3. No response to Paragraph 3 of the Complaint is required since it merely alleges legal conclusions.

4. No response to Paragraph 4 of the Complaint is required since it merely alleges legal conclusions.

**General Factual Allegations**

5. Transcontinental admits that it was an agent of Old Republic. Transcontinental denies the remaining allegations set forth in paragraph 5 of the Complaint. To the extent that the allegations in Paragraph 5 of the Complaint concern the parties' June 24, 2004 Agency Agreement (the "Agency Agreement"), that document speaks for itself. Except to the extent specifically admitted in this paragraph, each and every allegation in Paragraph 5 of the Complaint is DENIED.

6. To the extent the allegations in Paragraph 6 of the Complaint concern the Agency Agreement, that document speaks for itself. Transcontinental denies the remaining allegations set forth in Paragraph 6 of the Complaint. Except to the extent specifically admitted in this paragraph, each and every allegation in Paragraph 6 of the Complaint is DENIED.

7. To the extent the allegations in Paragraph 7 of the Complaint concern the Agency Agreement, that document speaks for itself. Transcontinental denies the remaining allegations set forth in Paragraph 7 of the Complaint. Except to the extent specifically admitted in this paragraph, each and every allegation in Paragraph 7 of the Complaint is DENIED.

8. To the extent the allegations in Paragraph 8 of the Complaint concern the Agency Agreement, that document speaks for themselves. Transcontinental denies the remaining allegations set forth in Paragraph 8 of the Complaint. Except to the extent specifically admitted in this paragraph, each and every allegation in Paragraph 8 of the Complaint is DENIED.

9. The allegations in the first sentence of Paragraph 9 of the Complaint concern the Agency Agreement, which speaks for itself. Transcontinental is without knowledge of information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 9 of the Complaint; accordingly such allegations are DENIED.

10. Transcontinental admits that the Agency Agreement contains an "Excessive Claims/Stop Loss Agreement" (the "Excessive Claims Provision"). As for the remaining allegations set forth in Paragraph 10, the Agency Agreement speaks for itself. Except to the extent specifically admitted in this paragraph, each and every allegation in Paragraph 10 of the Complaint is DENIED.

11-13. Transcontinental denies the allegations set forth in Paragraphs 11-13 of the Complaint.

14. Transcontinental admits that claims paid by Old Republic in 2005 exceeded the 5% Excessive Claims threshold and that in 2006, Transcontinental paid Old Republic under the Excessive Claims Provision for the calendar year 2005. Transcontinental denies the remaining allegations set forth in Paragraph 14 of the Complaint. Except to the extent specifically admitted in this paragraph, each and every allegation in Paragraph 14 of the Complaint is DENIED.

15. Transcontinental admits the allegations set forth in Paragraph 15 of the Complaint.

16. Transcontinental admits that all of its duties and/or obligations arising from the Agency Agreement terminated 180 days after the date of the Termination Letter.

17. The allegations set forth in Paragraph 17 of the Complaint are characterizations of Old Republic's claim, to which no response is required. To the extent that a response is required, Transcontinental is without knowledge or information sufficient to form a belief as to the truth of those allegations; accordingly such allegations are DENIED.

18. To the extent the allegations in Paragraph 18 of the Complaint concern a title commitment issued by Transcontinental, as agent for Old Republic, that document speaks for itself. Transcontinental denies the remaining allegations set forth in Paragraph 18 of the

Complaint. Except to the extent specifically admitted in this paragraph, each and every allegation in Paragraph 18 of the Complaint is DENIED.

19. Transcontinental admits that on or about April 14, 2005, a closing of a residential mortgage refinancing relating to a property located at 90 Baxter Street, Providence, Rhode Island occurred. Transcontinental denies the remaining allegations set forth in Paragraph 19 of the Complaint. Except to the extent specifically admitted in this paragraph, each and every allegation in Paragraph 19 of the Complaint is DENIED.

20-25. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 20-25 of the Complaint; accordingly, such allegations are DENIED.

**COUNT I: BREACH OF THE AGENCY AGREEMENT**

26. Transcontinental adopts by reference its answers in Paragraphs 1-25 above as its answer to Paragraph 26 of the Complaint.

27-29. The allegations contained in Paragraphs 27-29 of the Complaint are DENIED.

**COUNT II: NEGLIGENCE**

30. Transcontinental adopts by references its answers in Paragraphs 1-29 above as its answer to Paragraph 30 of the Complaint.

31-34. The allegations contained in Paragraphs 31-34 of the Complaint are DENIED.

**COUNT III: INDEMNIFICATION**

35. Transcontinental adopts by reference its answers in Paragraphs 1-34 above as its answer to Paragraph 35 of the Complaint.

36. Transcontinental denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT IV: DECLARATORY JUDGMENT

37. Transcontinental adopts by reference its answers in Paragraphs 1-36 above as its answer to Paragraph 37 of the Complaint.

38. Transcontinental admits the allegations set forth in Paragraph 38 of the Complaint.

39. Transcontinental admits that it claims it has no further liability to Old Republic 180 days after the issuance of the Termination Letter. Transcontinental denies the remaining allegations set forth in Paragraph 39 of the Complaint.

40-42. The allegations contained in Paragraphs 40-42 of the Complaint are DENIED.

## GENERAL DENIAL AND DEFENSES

Transcontinental generally denies any liability to Old Republic. In addition, Transcontinental asserts the following defenses:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Complaint is barred by the doctrine of estoppel.

### Third Defense

The Complaint is barred by the doctrine of waiver.

### Fourth Defense

Any damages proved by Old Republic should be offset by damages owed by Old Republic to Transcontinental.

**Fifth Defense**

Transcontinental has at all times acted in good faith and in accordance with its contractual and legal obligations.

**Sixth Defense**

All actions taken by Transcontinental were justified under the circumstances.

**Seventh Defense**

All or some of the claims are barred by the conduct of Old Republic.

**Eighth Defense**

Old Republic has sustained no damages as a result of the conduct of Transcontinental.

**Ninth Defense**

All or some of the claims are barred by the statute of frauds.

**Tenth Defense**

All of some of the claims are barred by the doctrine of contributory/comparative negligence.

**Eleventh Defense**

All or some of the claims are barred by release and/or accord and satisfaction.

**Twelfth Defense**

All or some of the claims are barred because Old Republic lacks standing.

**Thirteenth Defense**

All or some of the claims are barred by the applicable statute of limitations.

**Fourteenth Defense**

All or some of the claims are barred by laches.

**Fifteenth Defense**

All or some of the claims are barred by the doctrines of collateral estoppel and/or res judicata.

**RESERVATION OF RIGHTS**

Transcontinental expressly reserves the right to amend this answer by way of adding denials, defenses, counterclaims, cross-claims and/or third party claims as additional facts are obtained through further investigation and discovery.

WHEREFORE, the Complaint having been answered, Transcontinental hereby requests that the Court:

(a) Enter judgment in favor of Transcontinental and against Old Republic;

(b) Award Transcontinental its costs and expenses incurred herein; and

(c) Grant such other and further relief as is just and appropriate under the circumstances.

**COUNTERCLAIM**

**Parties**

1. Counterclaim-plaintiff Transcontinental is a Florida corporation that has its principal place of business in Clearwater, Florida. Transcontinental is in the business of providing title insurance to property owners and financial institutions.

2. Counterclaim-defendant Old Republic is a Minnesota corporation that has its principal place of business in Minneapolis, Minnesota.

**Factual Background**

3. Old Republic and Transcontinental entered into an agreement in June 2004 which contained a provision titled Excessive Claims/Stop Loss Agreement (the "Excessive Claims Provision").

4. In 2005, Transcontinental discussed with Old Republic the reasonableness of the Excessive Claims Provision. Transcontinental and Old Republic agreed that the Excessive Claims Provision was poorly drafted and heavily favored Old Republic in practice. The provision proved to be unworkable under cash-basis accounting methods because claims were not matched with their related premiums. Transcontinental also had reason to believe that the provision might violate applicable law.

5. Old Republic stated that it would pay Transcontinental a credit for any and all years in which claims fell below the 5% threshold set forth in the Excessive Claims Provision.

6. Transcontinental has paid Old Republic in excess of $300,000 under the Excessive Claims Provision. Transcontinental made these payments based on its understanding that the Excessive Claims Agreement would be renegotiated along the lines discussed by the parties and that its obligations to Old Republic would not extend beyond the termination of the Agency Agreement.

**COUNT I**
**(Unjust Enrichment)**

7. Transcontinental repeats and incorporates all of the allegations contained in Paragraphs 1-6 of its Counterclaim as though fully set forth herein.

8. Transcontinental has paid Old Republic in excess of $300,000 under the Excessive Claims Provision and otherwise performed according to the Agency Agreement with

the expectation that Old Republic would extend certain credits to Transcontinental and that its obligations would not extend beyond the termination of the Agency Agreement.

9. Old Republic has now sought declaratory judgment that it is entitled to payment under the Excessive Claims Provision past the date of termination, and has failed to extend the credits promised to Transcontinental.

10. Old Republic's retention of the amounts paid by Transcontinental under the Excessive Claims Provision is inequitable.

FOR THESE REASONS, defendant/counter-claim plaintiff Transcontinental Title Company asks this Court to:

(a) Dismiss the Complaint of plaintiff Old Republic National Title Company, with prejudice;

(b) Enter judgment in favor of Transcontinental on its Counterclaim;

(c) Award Transcontinental damages, interest and costs, including reasonable attorneys' fees, on its Counterclaim;

(d) Grant such other and further relief as is just and appropriate.

TRANSCONTINENTAL TITLE COMPANY,
By Its Attorneys,

CARROLL KELLY & MURPHY

/s/Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404
pbuckley@ckmlaw.com

Dated: August 16, 2007

CERTIFICATION

I hereby certify that on the 17th day of August, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Geoffrey W. Millsom, Esq., gmillsom@apslaw.com will receive notice through the ECF system.

/s/ Patricia A. Buckley