UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCONTINENTAL TITLE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 07-288-ML |

**MOTION BY DEFENDANT/COUNTER-PLAINTIFF TRANSCONTINENTAL TITLE COMPANY TO TRANSFER DECLARATORY JUDGMENT COUNT AND COUNTERCLAIM TO MASSACHUSETTS AND STAY REMAINDER OF CASE PENDING OUTCOME OF MASSACHUSETTS CASE**

Defendant/counterclaim-plaintiff Transcontinental Title Company ("TCT") hereby moves to transfer the declaratory judgment count and counterclaim in this case to the United States District Court for the District of Massachusetts. TCT further moves the Court to stay further action on the present case pending a final decision in Massachusetts.

As grounds for this motion, TCT states as follows:

1. In September 2006, plaintiff/counterclaim-defendant Old Republic National Title Insurance Co. ("Old Republic") filed a Complaint against TCT in Massachusetts state court, which was subsequently removed by TCT to the United States District Court for the District of Massachusetts (the "Massachusetts Complaint").

2. Since filing the Massachusetts Complaint, Old Republic has filed substantially identical lawsuits against TCT in multiple jurisdictions across the country. In nearly all of these

lawsuits, including the present one, Old Republic seeks duplicative declaratory relief concerning the scope and enforceability of § XX(C) (the "Excessive Claims Provision") of the parties' June 2004 Agency Agreement.

3. As a matter of well-established law, Old Republic is not permitted to file duplicative lawsuits in multiple jurisdictions. Indeed, pursuant to the "first-to-file" doctrine, the declaratory relief count and counterclaim in this case should be transferred to Massachusetts. This Court should then stay the remaining claims in this case pending a final decision by the Massachusetts Court.

4. TCT relies upon the accompanying memorandum of law in further support of this motion.

WHEREFORE, Transcontinental Title Company prays that this Court transfer the declaratory judgment count and the counterclaim to the District of Massachusetts and stay the remainder of the claims in this case pending resolution of the Massachusetts litigation and for all other proper relief.

TRANSCONTINENTAL TITLE COMPANY,

By Its Attorneys,

CARROLL KELLY & MURPHY

/s/Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404
pbuckley@ckmlaw.com

Dated: August 15, 2007

## CERTIFICATION

I hereby certify that on the 17th day of August, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Geoffrey W. Millsom, Esq., gmillsom@apslaw.com will receive notice through the ECF system.

/s/ Patricia A. Buckley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCONTINENTAL TITLE COMPANY,<br><br>Defendants. | ) | CIVIL ACTION NO. 07-288-ML |

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT/COUNTER-PLAINTIFF TRANSCONTINENTAL TITLE COMPANY TO TRANSFER DECLARATORY JUDGMENT COUNT AND COUNTERCLAIM TO MASSACHUSETTS AND STAY REMAINDER OF CASE PENDING OUTCOME OF MASSACHUSETTS CASE**

Defendant/Counter-Plaintiff Transcontinental Title Company ("TCT"), by its undersigned counsel, hereby submits this memorandum in support of its Motion to Transfer Declaratory Judgment Count and Counterclaim to Massachusetts and Stay Remainder of Case Pending Outcome of Massachusetts Case (the "Motion").

## I. Introduction

As part of its calculated litigation strategy, the plaintiff, Old Republic National Title Insurance Company ("Old Republic"), has filed duplicative lawsuits in multiple jurisdictions against its former title agent, TCT. The basis for Old Republic's claims stems from an agency agreement between it and TCT that was entered into in 2004 and terminated in 2006. One particular provision in the agency agreement was an excessive claims/stop loss provision which purportedly required TCT to reinsure Old Republic for claims if the threshold exceeded a certain

amount. As set forth below, this same provision is the subject of a number of other lawsuits, two (2) of which have recently addressed the very same issues raised in this Motion.

The history of this litigation is as follows: Old Republic initially filed a lawsuit against TCT in Massachusetts arising from TCT's alleged failure to compensate Old Republic under this excessive claims/stop loss provision. This lawsuit centered on a declaratory judgment claim regarding the excessive claims/stop loss provision. TCT filed a counterclaim against Old Republic for unjust enrichment. After filing this lawsuit in Massachusetts, Old Republic proceeded to deliberately file at least nineteen (19) new lawsuits against TCT in different states, including Rhode Island, which also center on the terms of the agency agreement. The Rhode Island lawsuit also contains allegations regarding a closing which took place in Rhode Island and an alleged claim that arose from that closing. TCT filed the same counterclaim against Old Republic in the Rhode Island case.

Based on the well-recognized "first-to-file" rule, Old Republic has chosen its forum to litigate the scope of its agency relationship with TCT and the interpretation of the so-called excessive claims/stop loss provision. Once Old Republic chose to file the Massachusetts lawsuit, it could no longer attempt to litigate the exact same issues in numerous other states. Significantly, in Louisiana and Iowa (two of the states in which Old Republic filed the duplicative claims), the federal district courts have already ruled that, based on the first-to-file rule, the cases should be transferred to Massachusetts and stayed, respectively, pending a decision by the Massachusetts court on the first-to-file motion.

It would be a waste of judicial resources and violate principles of judicial economy to have multiple courts decide the exact same legal issues. Moreover, the possibility exists for inconsistent results in the various jurisdictions. Accordingly, by this Motion, TCT seeks to

transfer the declaratory judgment claim and counterclaim in the Rhode Island case to Massachusetts. TCT further seeks to stay the remainder of the case against TCT in Rhode Island pending the outcome of the declaratory relief suit and counterclaim in Massachusetts.

## II. <u>Factual Background</u>

***The "First-Filed" Lawsuit***

In September 2006, Old Republic filed a Complaint against TCT in Massachusetts which was subsequently removed by TCT to the United States District Court for the District of Massachusetts (the "Massachusetts Complaint"). A true and correct copy of the Massachusetts Complaint is attached hereto as EXHIBIT 1 and incorporated by reference herein. Old Republic alleges that TCT was an agent of Old Republic for the purpose of issuing title policies in connection with real estate transactions.

The crux of the Massachusetts Complaint is the validity of certain provisions contained in the Agreement for Appointment of Policy Issuing Agent for Old Republic National Title Insurance Company (the "Agency Agreement") entered into in June 2004 between TCT and Old Republic and terminated in 2006. In particular, Old Republic seeks to enforce Section XX(C) entitled "Excessive Claims/Stop Loss Agreement" (the "Excessive Claims Provision") which states

> Agent shall reimburse to Insurer, by no later than March 31 following year end, the amount by which the aggregate amount paid by Insurer for claims on behalf/on account of Agent exceeds five percent (5%) of gross premiums remitted by Agent to Insurer in that same calendar year.

*See* Agency Agreement at Section XX(C). Old Republic alleges that this provision allowed it to recoup a certain portion of the losses on TCT's policies without having to prove any fault against TCT as to each claim.

In the Massachusetts Complaint, Old Republic alleges that TCT paid Old Republic $285,836 for the year 2005 but has not remitted any funds for the year 2006. Old Republic alleges that TCT owes Old Republic an unspecified amount of funds for the year 2006 under the Excessive Claims Provision based on its allegation that TCT's claims exceeded the 5% threshold in 2006. Count VI of the Complaint seeks a declaratory judgment that TCT owes Old Republic (a) for the year 2006 under the Excessive Claims Provision and (b) for claims that arise after the date of termination of the Agency Agreement.[1]

Upon receipt of the Complaint, TCT removed the case to federal court and filed an Answer and Counterclaim (the "Massachusetts Counterclaim"). A true and correct copy of the Massachusetts Counterclaim is attached hereto as EXHIBIT 2 and incorporated by reference herein. The Massachusetts Counterclaim asserts a claim against Old Republic for unjust enrichment. Essentially, the Massachusetts Counterclaim alleges that the Excessive Claims Provision was recognized to be problematic by TCT and Old Republic. TCT had reason to believe that the provision, among other things, might create potential issues under applicable law. Old Republic agreed that the provision should be renegotiated. In reliance on these assurances, TCT agreed to continue to perform under the Agency Agreement and for the year 2005 paid Old Republic in excess of $300,000. The circumstances are such that it would be inequitable for Old Republic to retain the benefit of these monies without accounting for TCT.

***Subsequent Lawsuits***

After filing the Massachusetts Complaint, Old Republic proceeded to file at least nineteen (19) duplicative lawsuits against TCT in various states across the country including without limitation: (1) Maine; (2) two lawsuits in Illinois; (3) Arkansas; (4) Kentucky; (5)

---

[1] In the Massachusetts Complaint, Old Republic also seeks monetary damages against TCT for alleged title claims which arose out of closings which transpired in the Commonwealth of Massachusetts.

Maryland; (6) Missouri; (7) Colorado; (8) Florida; (9) Iowa; (10) Michigan; (11) Mississippi; (12) Louisiana; (13) Tennessee; (14) South Carolina; (15) Virginia; (16) the District of Columbia; (17) Alabama and (18) Rhode Island.[2] In each of these cases other than South Carolina, Michigan, Mississippi and the District of Columbia, Old Republic makes the exact same allegations against TCT with respect to the Excessive Claims Provision as it made in the Massachusetts Complaint. Each of these lawsuits, other than South Carolina, Mississippi, Michigan and the District of Columbia, contains the same exact claim for declaratory relief that was alleged in the Massachusetts Complaint.[3] Moreover, in each of these cases, TCT has filed the same Counterclaim as the Massachusetts Counterclaim. Each of these cases is in its preliminary stages.

***The Rhode Island Lawsuit***

On August 3, 2007, Old Republic filed the Complaint against TCT in the United States District Court for the District of Rhode Island (the "Rhode Island Complaint"). The Rhode Island Complaint contains the same claim for declaratory relief found in the Massachusetts Complaint. On August 3, 2007, the summons was issued to TCT. Contemporaneously herewith, TCT has filed its Answer and Counterclaim (the "Rhode Island Counterclaim"). The Rhode Island Counterclaim is substantially identical to the Massachusetts Counterclaim.

***The First-To-File Motions***

In the federal court cases excluding Massachusetts (Iowa, Arkansas, Virginia, Louisiana, Tennessee and Alabama), TCT filed Motions to Transfer Declaratory Judgment Count and Counterclaim to Massachusetts and Stay Remainder of Case Pending Outcome of Massachusetts

[2] Of these cases, the following were removed to or filed in federal court: (1) Arkansas; (2) Iowa; (3) Michigan; (4) Mississippi; (5) Louisiana; (6) Tennessee; (7) Virginia; (8) Alabama and (9) Rhode Island. The remaining cases fell below the requisite jurisdictional amount to be removed to federal court.

[3] In each of these cases, Old Republic also seeks monetary damages against TCT for alleged title claims which arose out of closings which transpired in that particular state.

Case. Old Republic opposed all of these Motions in part on grounds that Massachusetts (instead of the particular federal court) should decide whether to transfer or stay the federal court cases.

In an abundance of caution, while TCT believed it was unnecessary, TCT filed a first-to-file Motion in Massachusetts. A true and correct copy of the Massachusetts Motion is attached hereto as EXHIBIT 3 and incorporated by reference herein. After learning of the Rhode Island Complaint, TCT filed a Third Supplement to the Massachusetts Motion. A true and correct copy of the Third Supplement is attached hereto as EXHIBIT 4 and incorporated by reference herein.

Since the various Motions were filed, both Louisiana and Iowa have held hearings on the Motions. In Louisiana, the Eastern District of Louisiana entered an Order transferring the entire case to Massachusetts for a ruling by Massachusetts on the first-to-file Motion. A true and correct copy of the Louisiana Order is attached hereto as EXHIBIT 5 and incorporated by reference herein. In Iowa, the Court entered an Order holding in abeyance the Motion and staying the remainder of the case pending a decision by the Massachusetts court on the first-to-file Motion. A true and correct copy of the Iowa Order is attached hereto as EXHIBIT 6 and incorporated by reference herein.

## III. Legal Analysis and Argument

### A. Under the "first-to-file" rule, the declaratory relief claim and counterclaim should be transferred to Massachusetts

As a matter of well-established law, Old Republic is not permitted to file duplicative lawsuits in multiple jurisdictions which seek the same relief against TCT. This practice is prohibited by the "first-to-file rule."

The "first-to-file" rule, "which was initially articulated by the Supreme Court in 1824 states that 'in all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it.'" *Keating Fibre International, Inc. v. Weyerhaeuser Company, Inc.*, 416

F.Supp.2d 1048, 1051 (E.D.Pa. 2006) (citing *Smith v. McIver*, 22 U.S. (9 Wheat.) 532, 535, 6 L.Ed. 152 (1984)). The "first-to-file" rule "can be used by courts to stay,[4] enjoin, or transfer[5] a later-filed action." *Id.* (citing *FMC Corp. v. AMVAC Chem. Corp.*¸ 379 F.Supp.2d 733, 737-38 (E.D. Pa.2005)).

"The first-to-file rule is a discretionary doctrine which provides that when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Nabors Drilling USA, L.P. v. Markow, Walker, PA*, 451 F.Supp.2d 843, 845 (S.D. Miss.2006). The first-to-file rule "rests on principles of comity and sound judicial administration and is used by courts to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Id.* (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.2d 599, 604 (5th Cir. 1999)).

The "concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemail resolution of issues that call for a uniform result." *Save Power Limited v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (internal citations omitted). The two cases need not be identical; rather there must be a substantial overlap. *See id; TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1 (1st Cir. 1996).

---

[4] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

[5] Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division." The court is required to consider and balance a number of factors in determining whether to transfer a case including "(1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interest of justice." *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F.Supp.2d 708, 715 (E.D.Va. 2005) (internal citations omitted). The "first-to-file" rule falls within the "interest of justice" factor. *See id.*

Pursuant to the "first-to-file" rule, the declaratory relief count and counterclaim in the Rhode Island case should be transferred to Massachusetts. There is more than a "substantial overlap" between the declaratory relief claims in the Massachusetts Complaint and Rhode Island Complaint. Each of the declaratory relief counts are duplicative of one another. It would violate principles of judicial economy to allow numerous courts to decide the same issues between the same parties. In addition, the possibility exists of inconsistent results in the various jurisdictions. To avoid this wasteful duplication, the "first-to-file" rule should be applied. There is no prejudice to the application of the "first-to-file" rule. Old Republic deliberately chose to file the Massachusetts Complaint first. The other cases are all in their introductory stages. It would be nonsensical to require counsel to defend the same case in multiple states. It is not cost effective and is a waste of judicial resources.

This Court should stay the remaining claims in the Rhode Island case pending the outcome of the Massachusetts case. If necessary, at the conclusion of the Massachusetts case, the remaining issues in the Rhode Island Complaint can be litigated in this Court. There is no prejudice to either party in staying the remaining claims pending the resolution of the declaratory relief count in Massachusetts.

Alternatively, this Court can adopt the reasoning of the Louisiana or Iowa federal court and either (a) transfer the case to Massachusetts for a ruling by Massachusetts on the first-to-file Motion or (b) stay the case pending an outcome by Massachusetts on the first-to-file Motion.

## IV. Conclusion

Based on the foregoing, this Court should (a) grant the Motion, (b) transfer the declaratory relief count to Massachusetts and (c) stay the remaining claims in the Rhode Island Complaint pending the outcome of the Massachusetts case.

TRANSCONTINENTAL TITLE COMPANY,

By Its Attorneys,

CARROLL KELLY & MURPHY

/s/Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404
pbuckley@ckmlaw.com

Dated: August 15, 2007

CERTIFICATION

I hereby certify that on the 17th day of August, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Geoffrey W. Millsom, Esq., gmillsom@apslaw.com will receive notice through the ECF system.

/s/ Patricia A. Buckley