# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br><br>Plaintiff/counter-claim defendant,<br><br>v.<br><br>TRANSCONTINENTAL TITLE COMPANY,<br><br>Defendant/counter-claim plaintiff. | Civil Action No. 06-11903-NMG |

## ANSWER AND COUNTERCLAIM

Defendant Transcontinental Title Company ("Transcontinental") answers the Complaint of Old Republic Title Insurance Company ("Old Republic") as follows.

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Transcontinental states that the Complaint fails to state a claim upon which this Court may grant relief.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Transcontinental states that Old Republic is estopped from bringing Counts I-VI of the Complaint against Transcontinental.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Transcontinental states that Old Republic has waived its claims in Counts I-VI of the Complaint.

FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Transcontinental states that any damages proved by Old Republic should be offset by damages owed by Old Republic to Transcontinental.

FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Transcontinental responds to the specific allegations of the Complaint as follows:

1. Transcontinental admits that Old Republic is a Minnesota corporation. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 1 of the Complaint.

2. Admitted.

3. Denied.

4. Transcontinental admits that it had an agency relationship with Old Republic that began on or about December 1990. Transcontinental denies the remaining allegations set forth in ¶ 4 of the Complaint.

5. To the extent the allegations in ¶ 5 of the Complaint concern the Agency Agreement, that document speaks for itself. Transcontinental denies the remaining allegations set forth in ¶ 5 of the Complaint.

6. The allegations in ¶ 6 of the Complaint concern the Agency Agreement, which speaks for itself.

7. The allegations in the first sentence of ¶ 7 of the Complaint concern the Agency Agreement, which speaks for itself. Transcontinental is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in the second sentence of ¶ 7 of the Complaint.

8. Transcontinental admits that the Agency Agreement contains an "Excessive Claims/Stop Loss Agreement" (the "Excessive Claims Provision"). The Agency Agreement speaks for itself.

9-11. Denied.

12. Transcontinental admits that claims paid by Old Republic in 2005 exceeded the 5% Excessive Claims threshold and that in 2006, Transcontinental paid Old Republic $285,836 under the Excessive Claims Provision for the calendar year 2005. Transcontinental denies the remaining allegations of ¶ 12 of the Complaint.

13. Admitted.

14. Transcontinental admits that all of its duties and/or obligations arising from the Agency Agreement terminated 180 days after the date of the Termination Letter. The remaining allegations contained in ¶ 14 of the Complaint are characterizations of Old Republic's claim, to which no response is required. To the extent a response is required, Transcontinental is without knowledge or information sufficient to form a belief as to the truth of those allegations.

15. Transcontinental admits that on December 10, 2004, a closing of a residential mortgage refinancing for World Savings Bank relating to a property located at 237 Glezen Lane, Wayland, Massachusetts occurred. Transcontinental denies the remaining allegations set forth in ¶ 15 of the Complaint.

16. Transcontinental admits that on or about December 9, 2004 Old Republic issued what is attached as Exhibit C to the Complaint.

17. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of ¶ 17 of the Complaint.

18. The allegations set forth in ¶ 18 of the Complaint concern Exhibit D, which speaks for itself.

19-32. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 19-32 of the Complaint.

33. Transcontinental admits that on or about July 24, 2003, a closing of a residential mortgage refinancing for First Residential Mortgage-Louisville relating to a property located at 18 Pleasant Street, Sherborn, Massachusetts occurred. Transcontinental denies the remaining allegations set forth in ¶ 33 of the Complaint.

34-44. Transcontinental is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 34-44 of the Complaint.

45. Transcontinental adopts by reference its answers in ¶¶ 1-44 above as its answer to ¶ 45 of the Complaint.

46-47. Denied.

48. Transcontinental adopts by reference its answers in ¶¶ 1-47 above as its answer to ¶ 48 of the Complaint.

49-51. Denied.

52. Transcontinental adopts by reference its answers in ¶¶ 1-51 above as its answer to ¶ 52 of the Complaint.

53-55. Denied.

56. Transcontinental adopts by reference its answers in ¶¶ 1-55 above as its answer to ¶ 56 of the Complaint.

57. Denied.

58. Transcontinental adopts by reference its answers in ¶¶ 1-57 above as its answer to ¶ 58 of the Complaint.

59-61. Denied.

62. Transcontinental adopts by reference its answers in ¶¶ 1-61 above as its answer to ¶ 62 of the Complaint.

63. Admitted.

64. Transcontinental admits that it claims it has no further liability to Old Republic 180 days after the issuance of the Termination Letter. Transcontinental denies the reaming allegations set forth in ¶ 64 of the Complaint.

65-67. Denied.

## COUNTERCLAIM

### Parties

1. Counterclaim-plaintiff Transcontinental is a Florida corporation that has its principal place of business in Clearwater, Florida. Transcontinental is in the business of providing title insurance to property owners and financial institutions.

2. Counterclaim-defendant Old Republic is a Minnesota corporation that has its principal place of business in Minneapolis, Minnesota.

### Jurisdiction

3. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a) because it arises out of the same transactions and occurrences alleged in Old Republic's Complaint, and thus forms a part of the same case or controversy within the meaning

of Article III of the U.S. Constitution. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

**Factual Background**

4. Old Republic and Transcontinental entered into an agreement in June 2004 which contained an provision titled Excessive Claims/Stop Loss Agreement (the "Excessive Claims Provision").

5. In 2005, Transcontinental discussed with Old Republic the reasonableness of the Excessive Claims Provision. Transcontinental and Old Republic agreed that the Excessive Claims Provision was poorly drafted and heavily favored Old Republic in practice. The provision proved to be unworkable under cash-basis accounting methods because claims were not matched with their related premiums. Transcontinental also had reason to believe that the provision might violate applicable law.

6. Old Republic stated that it would pay Transcontinental a credit for any and all years in which claims fell below the 5% threshold set forth in the Excessive Claims Provision.

7. Transcontinental has paid Old Republic in excess of $300,000 under the Excessive Claims Provision. Transcontinental made these payments with the expectation that the Excessive Claims Agreement would be renegotiated along the lines discussed by the parties and that its obligations to Old Republic would not extend beyond the termination of the Agency Agreement.

**COUNT I**
(Unjust Enrichment)

8. Transcontinental repeats and incorporates all of the allegations contained in ¶¶ 1-7 of its Counterclaim for this ¶ 8.

9. Transcontinental has paid Old Republic in excess of $300,000 under the Excessive Claims Provision and otherwise performed according to the Agency Agreement with the expectation that Old Republic would extend certain credits to Transcontinental and that its obligations would not extend beyond the termination of the Agency Agreement.

10. Old Republic has now sought declaratory judgment that it is entitled to payment under the Excessive Claims Provision past the date of termination, and has failed to extend the credits promised to Transcontinental.

11. Old Republic's retention of the amounts paid by Transcontinental under the Excessive Claims Provision is inequitable.

FOR THESE REASONS, defendant/counter-claim plaintiff Transcontinental Title Company asks this Court to:

A. Dismiss the Complaint of plaintiff Old Republic National Title Company, with prejudice;

B. Enter judgment in favor of Transcontinental on its Counterclaim;

C. Award Transcontinental damages, interest and costs, including reasonable attorneys fees, on its Counterclaim;

D. Grant such other and further relief as is just and appropriate.

TRANSCONTINENTAL TITLE COMPANY

By its Attorneys,

/s/ Michael D. Vhay
Michael D. Vhay (BBO #566444)
Lisa S. Core (BBO #658709)
DLA Piper US LLP
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6000

Dated: October 25, 2006