# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLD REPUBLIC NATIONAL TITLE INSURANCE CO.,

Plaintiff/
Counterclaim-Defendant,

v.

TRANSCONTINENTAL TITLE CO.,

Defendant/
Counterclaim-Plaintiff.

Civil Action No. 06-11903-NMG

**TRANSCONTINENTAL TITLE COMPANY'S THIRD SUPPLEMENT TO MOTION TO STAY PARALLEL PROCEEDINGS**

On July 23, 2007, defendant/counterclaim-plaintiff Transcontinental Title Company ("TCT") filed a Motion to Stay Parallel Proceedings. In that motion, TCT requested that this Court stay all federal district court proceedings in which the plaintiff/counterclaim-defendant, Old Republic National Title Insurance Co. ("Old Republic"), seeks duplicative relief concerning the scope and enforceability of § XX(C) (the "Excessive Claims Provision") of the parties' June 2004 Agency Agreement.

TCT submits this as a supplement to its Motion to Stay Parallel Proceedings and states:

1. As of July 23, 2007, Old Republic sought identical declaratory relief concerning the scope and enforceability of the Excessive Claims Provision in four other federal court actions.[1]

[1] Those actions are: Old Republic National Title Insurance Company v. Transcontinental Title Company, U.S. District Court for the Eastern District of Louisiana, Case No. 06-11148; Old Republic National Title Insurance Company v. Transcontinental Title Company, U.S. District Court for the Southern District of Iowa, Case No. LACV067627; Old Republic National Title Insurance Company v. Transcontinental Title Company, U.S. District

2. On August 3, 2007, less than two weeks after TCT filed its motion, Old Republic initiated a new lawsuit against TCT in the United States District Court for the District of Rhode Island (the "Rhode Island Action"). A copy of Old Republic's Complaint in the Rhode Island Action is attached hereto as Exhibit A.

3. Old Republic's Amended Complaint in the Rhode Island Action seeks the same declaratory relief concerning the Excessive Claims Provision that Old Republic seeks in Count VI of its Complaint in this action. *See* Exhibit A at ¶¶ 37-42.

4. For the reasons set forth in its Motion to Stay Parallel Proceeding and memorandum in support thereof, TCT requests that this Court stay the Rhode Island Action, until such time as this Court resolves all issues concerning the scope and enforceability of the Excessive Claims Provision.

TRANSCONTINENTAL TITLE CO.,

By its attorneys,

/s/ Zachary N. Coseglia
Michael D. Vhay (BBO #566444)
Zachary N. Coseglia (BBO #663687)
DLA PIPER US LLP
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated: August 14, 2007

---

Court for the Middle District of Tennessee, Case No. 3:07-CV-00212; and Old Republic National Title Insurance Company v. Transcontinental Title Company, U.S. District Court for the Eastern District of Arkansas, Case No. 4:07-CV-0460.

# EXHIBIT A

FILED
AUG - 2 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,

Plaintiff,

v.

TRANSCONTINENTAL TITLE COMPANY,

Defendants.

C.A.

CA 07 288ML

COMPLAINT

Old Republic National Title Insurance Company ("Old Republic") as and for its Complaint against Transcontinental Title Company ("Transcon") alleges as follows:

The Parties and Jurisdiction

1. Old Republic is a corporation organized and existing under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota.

2. Transcon is a corporation organized and existing under the laws of Florida with its principal place of business in Clearwater, Florida.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between a citizen of a different States.

4. Venue is proper in this district, pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claim occurred in Rhode Island.

General Factual Allegations

5. Beginning in December 1990, Transcon served an agent of Old Republic for the purpose of issuing policies of title insurance in connection with mortgage loan transactions.

6. The agency relationship between Transcon and Old Republic was most recently memorialized in an agreement dated June 24, 2004, entitled "Agreement for Appointment of Policy Issuing Agent for Old Republic National Title Insurance Company" (the "Agency Agreement").

7. Under the Agency Agreement, Transcon was authorized to issue Old Republic title policies in various states. The Agency Agreement sets forth Old Republic's and Transcon's respective duties, responsibilities, and rights.

8. The Agency Agreement contained a section entitled: "Responsibility for Loss," which described the types of losses for which Transcon assumed responsibility. That provision reads, in part:

> Agent is responsible for the following losses:
>
> A. Defalcation, fraud or dishonesty on the part of the Agent . . . ;
>
> B. Intentional or negligent failure of Agent to comply with the terms and requirements of this agreement or of the rules, regulations or instructions given to Agent by Insurer . . . ;
>
> * * *
>
> C. The improper closing, or attempted closing, by the Agent, including but not limited to, (1) loss or misapplication of customer funds, documents or other things of value entrusted to Agent . . ., and/or (2) failure to disburse properly or close in accordance with escrow or closing instructions, and/or . . . (4) all other acts or omissions to act by Agent arising out of or related to Agent's closing activities that give rise to or cause a loss or damage to

Insurer

9. Under the Agency Agreement, Transcon was entitled to retain a portion of the title insurance premium on each policy it issued and was required to remit the balance of the premium to Old Republic. The allocation between Old Republic and Transcon varied to some degree from state to state, but the standard allocation was 85% to Transcon and 15% to Old Republic.

10. The Agency Agreement contains a provision entitled: "Excessive Claims/Step Loss Agreement." That provision (the "Excessive Claims Provision") requires Transcon to reimburse Old Republic on an annual basis for all amounts paid on claims under policies issued by Transcon in excess of 5% of the premiums remitted by Transcon to Old Republic in that year.

11. The Excessive Claims Provision was included in the Agency Agreement to benefit both Old Republic and Transcon.

12. For Old Republic, that provision allowed it, in the event of large losses attributable to Transcon's policies, to recoup a certain portion of those losses on Transcon's policies without having to prove any fault against Transcon as to each claim. The reimbursement by Transcon would be made annually based upon all claims on a national basis.

13. For Transcon, the Excessive Claims Provision shielded it from negligence claims and the necessity of defending itself in litigation and/or submitting claims to its professional liability carrier, unless the aggregate claims reached a certain threshold.

14. Transcon's claims exceeded the 5% threshold in 2004, 2005, and 2006. Transcon paid Old Republic for the 2004 and 2005 claims under the Excessive Claims Provision.

15. By a letter dated March 21, 2006, Transcon through its counsel notified Old Republic of its intention to terminate the Agency Agreement.

16. Transcon contends that any and all of its duties and/or obligations arising from the Agency Agreement will terminate 180 days after the date of the Termination Letter.

17. Old Republic contends that Transcon's liability for damages under the Excessive Claims Provision and other provisions of the Agency Agreement continues despite any alleged termination of the Agency Agreement.

18. On or about April 8, 2005, Transcon, as agent for Old Republic, issued commitment for a title insurance policy number 10-00620306 to Argent Mortgage Company, LLC in connection with a refinancing of certain residential real property at 90 Baxter Street in Providence, Rhode Island.

19. On or about April 14, 2005, Transcon, through one of its agents conducted the closing of the refinancing of the 90 Baxter Street property.

20. As part of the closing, Transcon was responsible for obtaining a mortgage from Mary Montgomery, the then-owner of the property in the amount of $129,000.

21. Transcon was also responsible for ensuring that the mortgage was recorded in the Providence land evidence record, prior to disbursing the loan proceeds or issuing the title insurance policy.

22. Transcon obtained a mortgage for the 90 Baxter Street property, disbursed the proceeds, issued the title policy, but did not record the mortgage.

23. At some point in time after April 8, 2005, the mortgage at issue passed from Argent Mortgage Company, LLC to Countrywide Home Loans, Inc. ("Countrywide").

24. On or about December 8, 2005, Countrywide notified Old Republic that it was seeking to foreclose on the mortgage for the 90 Baxter Street property, but was unable to do so because the mortgage had not been recorded. Countrywide further submitted a claim to Old Republic, under the title insurance policy issued by Transcon, seeking payment of any loss due to the problem created by Transcon's failure to record the 90 Baxter Street property.

25. Old Republic has incurred losses in connection with Countrywide's claim.

## COUNT I: BREACH OF THE AGENCY AGREEMENT

26. Old Republic repeats and realleges all the allegations contained in paragraphs 1 through 25 as though fully set forth herein.

27. The Agency Agreement between Transcon and Old Republic is valid and binding on the parties.

28. Transcon breached the Agency Agreement by failing to record the mortgage for the 90 Baxter Street property and wrongfully disbursing the loan proceeds in connection with the closing on the 90 Baxter Street property without a recorded mortgage securing repayment.

29. As a direct and proximate result of Transcon's breaches, Old Republic has sustained or will sustain damages in an amount to be determined at trial.

## COUNT II: NEGLIGENCE

30. Old Republic repeats and realleges all the allegations contained in paragraphs 1 through 29 as though fully set forth herein

31. By virtue of its status as an agent, Transcon owed Old Republic and Argent Mortgage Company, LLC a duty of care.

32. Transcon breached its duty of care to Old Republic and Argent Mortgage Company, LLC by failing to record the mortgage for the 90 Baxter Street property and wrongfully disbursing the loan proceeds in connection with the closing on the 90 Baxter Street property without a recorded mortgage securing repayment.

33. Old Republic, by way of subrogation, is entitled to assert the rights of Countrywide, the successor in interest to Argent Mortgage Company, LLC, for negligence against Transcon.

34. As a direct and proximate result of Transcon's negligence, Old Republic and Countrywide have sustained or will sustain damages in an amount to be determined at trial.

## COUNT III: INDEMNIFICATION

35. Old Republic repeats and realleges all the allegations contained in paragraphs 1 through 34 as though fully set forth herein

36. Old Republic is entitled to indemnification from Transcon for all of its losses plus attorneys' fees based upon Transcon's failure to record the mortgage for the 90 Baxter Street property and wrongfully disbursement of the loan proceeds in connection with the closing on the 90 Baxter Street property without a recorded mortgage securing repayment.

COUNT IV: DECLARATORY JUDGMENT

37. Old Republic repeats and realleges all the allegations contained in paragraphs 1 through 36 as though fully set forth herein

38. An actual and justiciable controversy exists between Old Republic and Transcon concerning the effect of the Termination Letter, if any on the respective rights and liabilities of the parties under the Agency Agreement as to future claims which may arise after September 18, 2006.

39. While it is Old Republic's position that Transcon continues to be liable to it for losses even after the expiration of the 180 day period following the issuance of the Termination Letter, Old Republic is informed and believes that Transcon will claim that it has no further liability under any theory following the expiration of said period.

40. Old Republic seeks and is entitled to a judgment declaring that despite the issuance of the Termination Letter, Transcon remains liable to Old Republic under the Excessive Claims Provision for all amounts paid on claims under policies issued by Transcon in excess of 5% of the premiums remitted by Transcon to Old Republic in 2006.

41. Old Republic seeks and is entitled to a judgment declaring that despite the issuance of the Termination Letter, Transcon's liability to Old Republic under the Excessive Claims Provision, and other provisions of the Agency Agreement, continues as to all claims under Old Republic policies issued by Transcon even if those claims arise after September 18, 2006, which is the first business day following 180 days of the Termination Letter.

42. Old Republic seeks and is entitled to a judgment declaring that despite the issuance of the Termination Letter, Transcon's liability to Old Republic will continue in future years (after 2006) for all losses incurred by Old Republic engendered by Transcon's acts or omissions in the issuance of policies and/or while acting as a closing agent for transactions in which Old Republic policies were issued. This liability will continue to exist either under the Responsibility for Loss Provision contained in the Agency Agreement or alternatively under the Excessive Claims Provision or under the provisions of the Agency Agreement, applicable common law and statutory negligence and tort law.

**WHEREFORE**, Old Republic requests that the Court:

1. Enter judgment in favor of Old Republic and against Transcon awarding Old Republic its compensatory damages, plus interest, costs, and attorneys' fees.
2. Enter judgment declaring that Transcon remains liable to Old Republic under the Agency Agreement for claims which may arise after September 18, 2006.
3. Grant such other relief as the Court deems just and proper.

Dated: Providence, Rhode Island
August 3, 2007

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY

Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
gmillsom@apslaw.com