# EXHIBIT 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NUMBER 06-11148 |
| TRANSCONTINENTAL TITLE COMPANY | SECTION "L" (1) |

ORDER & REASONS

Before the Court is the Defendant's Motion to Transfer Declaratory Judgment Count and Counterclaim to Massachusetts and Stay Remainder of Case Pending Outcome of Massachusetts Case (Rec. Doc. 7). The Court heard oral argument and took this motion under submission. For the following reasons, the Defendant's motion is now GRANTED IN PART such that this entire matter is hereby TRANSFERRED to the United States District Court for the District of Massachusetts.

I. BACKGROUND

Old Republic National Title Insurance Company ("Old Republic") and Transcontinental Title Company ("Transcontinental") entered into an agency agreement in 2004 which provided that Transcontinental would be an agent of Old Republic for the purpose of issuing title policies in connection with real estate transactions. At issue in this case, and in related cases filed by Old Republic in courts around the country, is the "excessive claims" provision of the agency agreement, located at section XX(C), which provides as follows:

> Agent shall reimburse to Insurer, by no later than March 31 following year end, the amount by which the aggregate amount paid by Insurer for claims on behalf/on account of Agent exceeds five percent (5%) of gross premiums remitted by Agent to Insurer in that same calender year.

Transcontinental allegedly paid Old Republic approximately $285,000 for the year 2005 under this provision, but refuses to pay any amounts for the year 2006.

In September 2006, Old Republic filed a complaint against Transcontinental in Massachusetts state court, and the case was subsequently removed to the United States District Court for the District of Massachusetts. In this "first-filed" case, Old Republic seeks (1) a declaratory judgment that it is entitled to payments under the "excessive claims" provision for the year 2006 and (2) monetary damages for title claims that arise out of closings which transpired in Massachusetts. Transcontinental has filed a counterclaim in the first-filed case alleging that Old Republic has been unjustly enriched.

Subsequently, Old Republic filed at least sixteen additional lawsuits against Transcontinental in state and federal courts around the country, including the instant case, which was filed in December 2006.[1] In these cases, Old Republic seeks the same declaratory judgment and Transcontinental has filed (or will file) the same counterclaim. However, these subsequent cases are not completely identical, as they also involve claims arising under local state laws from closings that transpired in the respective states.

## II. PRESENT MOTION

Transcontinental has filed a motion to transfer Old Republic's declaratory judgment claim and its own unjust enrichment counterclaim to Massachusetts federal court pursuant to the "first-to-file" rule, and to stay the remainder of the instant case pending resolution of the first-filed case. During oral argument, Old Republic modified its position and requested that the *entire* case either be transferred to Massachusetts or stayed in this Court. Old Republic opposes

[1] During oral argument, counsel informed the Court that because the agency agreement covered forty states, additional lawsuits may be forthcoming.

Transcontinental's motion, contending that transfer is inappropriate because this case involves state law claims arising out of closings that occurred in Louisiana.

## III. LAW & ANALYSIS

The first-to-file rule "is essentially a forward-looking doctrine" used by courts "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999); *see also Keating Fibre Int'l, Inc. v. Weyerhaeuser Co.*, 416 F. Supp. 2d 1048, 1051-52 (E.D. Pa. 2006) (discussing the history of the first-to-file rule). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985)).

"In deciding whether to apply the first-to-file rule, the Court must resolve two questions: (1) are the two pending actions so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case." *Nabors Drilling USA, L.P. v. Markow, Walker, P.A.*, 451 F. Supp. 2d 843, 845 (S.D. Miss. 2006) (quoting *Datamize, Inc. v. Fidelity Brokerage Servs., LLC*, No. 03-321, 2004 WL 1683171, at *3 (E.D. Tex. Apr. 22, 2004)). In this circuit, however, "[o]nly the first issue is for the second-filed court to decide." *Nabors*, 451 F. Supp. 2d at 845. "[O]nce the second-filed court finds that the issues in the two suits might substantially overlap, the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interest of sound judicial administration and judicial economy, proceed." *Id.*

at 846 (internal quotations omitted). Such a transfer is made pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division in which it could have been brought." 28 U.S.C. § 1404(a).

First, the parties do not dispute that the instant case was properly brought in this Court, nor that it could have been brought in the District of Massachusetts. Second, this case presents issues that are at least partially identical to issues presented in the first-filed case in Massachusetts and in all other related cases across the country. These identical issues concern the validity of the "excess claims" provision of the agency agreement and Transcontinental's counterclaim for unjust enrichment. Although this case also involves state law claims arising out of a closing in Louisiana, the Court nevertheless finds that the claims in this case substantially overlap with those in the first-filed action. Accordingly, the Court will transfer this matter to Massachusetts so that the first-filed court can make an informed decision as to how these cases should proceed.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Defendant's Motion to Transfer (Rec. Doc. 7) is GRANTED IN PART such that this entire matter is hereby TRANSFERRED to the United States District Court for the District of Massachusetts.

New Orleans, Louisiana, this 6th day of August, 2007.

Eldon E. Fallon

UNITED STATES DISTRICT JUDGE