**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,

Plaintiff,

v.

TRANSCONTINENTAL TITLE COMPANY,,

Defendants.

C.A. No. 07-288ML

**OBJECTION OF OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY IN TO DEFENDANT'S MOTION TO TRANSFER DECLARATORY JUDGMENT COUNT AND COUNTERCLAIM AND TO STAY REMAINDER OF THE CASE**

Old Republic National Title Insurance Company ("Old Republic") hereby objects to the Motion by Defendant/Counterclaim-Plaintiff, Transcontinental Title Company ("Transcon") to Transfer Declaratory Judgment Count and Counterclaim to Massachusetts and Stay Remainder of Case Pending Outcome of Massachusetts Case. The facts and arguments upon which this Objection is based are set forth in the accompanying memorandum of law.

Dated: Providence, Rhode Island
August 28, 2007

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,

By its attorneys

/s/ *Geoffrey W. Millsom*

Geoffrey W. Millsom
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
gmillsom@apslaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCONTINENTAL TITLE COMPANY,,<br><br>Defendants. | : | C.A. No. 07-288ML |

**MEMORANDUM OF OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER DECLARATORY JUDGMENT COUNT AND COUNTERCLAIM AND TO STAY REMAINDER OF THE CASE**

Old Republic National Title Insurance Company ("Old Republic") submits the following memorandum in opposition to the Motion by Defendant/Counterclaim-Plaintiff, Transcontinental Title Company ("Transcon") to Transfer Declaratory Judgment Count and Counterclaim to Massachusetts and Stay Remainder of Case Pending Outcome of Massachusetts Case ("Transcon's Motion").

## INTRODUCTION.

Transcon is asking this Court to take the unusual, and procedurally prohibited, step of transferring one portion of this case to Massachusetts, then staying the remaining portion that would remain pending in this Court. Such procedural machinations are contrary to established law and completely impractical. Transcon brought its motion ostensibly under the guise of "judicial economy," but in fact it is an effort to hamstring

Old Republic and prevent it from pursuing damages against Transcon. For the reasons more particularly set forth below, Transcon's Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND.

### A. The Massachusetts Case

On September 15, 2006, Old Republic commenced an action against Transcon in the Suffolk Superior Court in Boston, Massachusetts (the "Massachusetts Case"). On October 18, 2006, Transcon removed the Massachusetts Case to the United States District Court for the District of Massachusetts on the basis of diversity.

In the Massachusetts case, Old Republic seeks damages against Transcon under five counts – breach of the Agency Agreement (Count I); breach of the closing instructions (Count II); negligence / gross negligence (Count III); indemnification (Count IV); and violation of Massachusetts General Laws Chapter 93A which prohibits unfair and deceptive business practices (Count V). The first five counts of the Massachusetts Case relate to two significant title claims which resulted from Transcon's grossly negligent conduct in connection with two real estate closings in Massachusetts.[1]

The last count of the Complaint in the Massachusetts Case (Count VI) was for declaratory judgment, requesting that the Court declare Transcon liable under the "Excessive Claims Provision" of the Agency Agreement and determine the legal effect, if any, of Transcon's alleged termination of the Agency Agreement.

---

[1] In each closing, Transcon failed to obtain the signature of one spouse on a first mortgage on jointly owned property, thereby rendering the mortgages defective. Not only did Transcon fail to obtain the proper signatures, it also failed to record the mortgages in the appropriate registry of deeds. In both cases Transcon nonetheless disbursed all of the loan proceeds to the borrowers after taking their own fees.

**B. <u>The Other Pending Actions</u>**

At or around the time Old Republic filed the Massachusetts Case, Old Republic also filed other cases against Transcon in different jurisdictions. In each case, Old Republic sought damages *for specific title claims* caused by Transcon's negligent conduct in that jurisdiction. A count for declaratory judgment on the issue of the meaning and effect of the "Excessive Claims Provision" of the Agency Agreement was also included in each of the other cases. That single count is the only commonality among the various cases. The negligence-based counts in each case are unique to that particular jurisdiction. In no case is the same negligence-based claim asserted in any other jurisdiction.

The present case was commenced on August 3, 2007. In its Complaint, Old Repuublic asserts 4 causes of action. Count I seeks damages for Transcon's breach of the Agency Agreement by failing to record a mortgage on a Rhode Island property and wrongfully disbursing the loan proceeds in connection with that property.
Counts II and III seek damages for the same set of facts on the grounds of negligence and indemnification, respectively. Count IV requests a judgment declaring that Transcon is liable to Old Republic under the "Excessive Claims Provision" of the Agency Agreement and a determination of the legal effect, if any, of Transcon's repudiation of the Agency Agreement.

Transcon answered the Old Republic Complaint in this case, and filed a counterclaim seeking damages for unjust enrichment under the "Excessive Claims Provision" of the Agency Agreement.

**C. The Agency Agreement**

The Agency Agreement, which both parties have asked this Court to interpret, contains two provisions relating to Transcon's liability for losses entitled "Responsibility for Loss," and "Excessive Claims/Stop Loss Agreement." The "Responsibility for Loss" provision makes Transcon liable for a variety of losses, including:

> Defalcation, fraud or dishonesty on the part of the Agent . . .; Intentional omission from commitments or policies of reference to encumbrances or title defects disclosed . . .; Negligent errors or omissions in the search, or examination of title, . . .; Intentional or negligent failure of Agent to comply with the terms and requirements of this agreement or of the rules, regulations or instructions given to Agent by Insurer . . .; The improper closing, or attempted closing, by the Agent, including but not limited to, (1) loss or misapplication of customer funds, documents or other things of value entrusted to Agent . . ., and/or (2) failure to disburse properly or close in accordance with escrow or closing instructions, and/or . . . (4) all other acts or omissions to act by Agent arising out of or related to Agent's closing activities that give rise to or cause a loss or damage to Insurer.

The "Excessive Claims/Stop Loss Agreement" requires Transcon to reimburse Old Republic on an annual basis for all amounts paid on claims under policies issued by Transcon in excess of 5% of the premiums remitted by Transcon to Old Republic in that year. This provision establishes Transon's liability to Old Republic based upon a formula, without the need to prove any "fault" by Transcon.

The "Responsibility for Loss" provision and "Excessive Claims/Stop Loss Agreement" are cumulative remedies available to Old Republic, which interplay when determining the amount of the damages. Transcon is liable to Old Republic under the formula of the "Excessive Claims/Stop Loss Agreement," but Old Republic still maintains the right to prove its individual, fault-based claims against Transcon. To the extent that the fault-based liability of Transcon is greater than the formula-based liability,

Old Republic is entitled to recover the higher amount. In essence, the formula of the "Excessive Claims/Stop Loss Agreement" is a floor, not a ceiling.

**ARGUMENT**

Transcon's sole basis for seeking transfer of Old Republic's declaratory judgment claim is the "first to file" rule, also known as the "first-filed" rule. As an initial matter, it is important to recognize that this doctrine is "not a *per se* rule, but rather a policy governed by equitable considerations. *McGlynn v. Credit Store, Inc.*, 234 B.R. 576, 580 (D.R.I. 1999). Moreover, as the First Circuit has noted, this policy exists only because there is a need for a policy, not because of any well-reasoned jurisprudential basis. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir. 1977) ("While the first-filed rule may ordinarily be a prudent one, it is so only because it is sometimes more important that there be a rule than that the rule be particularly sound."). In the context of this motion, Transcon has the burden of justifying a transfer of the case. *Benrus Watch Co. v. Bulova Watch Co.*, 126 F.Supp. 470, 472 (D.R.I. 1954) ("unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed"). For the reasons set forth below, Transcon has failed to meet its burden, and its motion should be denied.

**A. Transcon's Motion Is Procedurally Defective**

Before addressing the substantive reasons why Transcon's motion should be denied, there are important procedural reasons why this Court should deny the motion, or refuse to act on it at all. First, under the "first-to-file" rule, the motion that Transcon has presented to this Court should actually have been presented to the District of Massachusetts in the first instance. "[T]he court in which the first-filed case was brought

decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule applies." *Cruz v. Hartford Cas. Ins. Co.*, No. C.A. 005-38S, 2005 WL 1231965 (D.R.I. May 20, 2005) (deferring decision on the motion to transfer to the Western District of Texas); *see also Northwest Airlines, Inc., v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir.1993) (holding that the determination of whether the "second filed" suit continues lies with the "first filed" court); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n. 9 (S.D.N.Y. 1995) (same). Until the District of Massachusetts has an opportunity to address Transcon's request, this Court should refuse to act on the motion.[2]

The second procedural infirmity of the instant motion arises from the fact that, Transcon's request for the transfer of just one portion of the pending case to another judicial district is simply not permitted under 28 U.S.C. §1404(a).[3] "It is well established that the transferor court under § 1404 loses all jurisdiction over a case once transfer has occurred." *In re Flight Transp. Corp. Securities Litigation*, 764 F.2d 515, 516 (8th Cir. 1985). Thus, a court acting under § 1404(a) may not transfer part of a case for one purpose while maintaining jurisdiction for another purpose; the section "contemplates a plenary transfer" of the entire case. *Id*. at 516; *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991); *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir.1968); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3846, at 363 (1986).

---

[2] Significantly, there is nothing in Transcon's motion or memorandum to suggest that the District Court in Massachusetts would be willing to accept all or a portion of this case or any of the other pending cases.

[3] As Transcon argued in its memorandum, the "first-to-file" rule falls within one of the factors to be considered by the Court on a motion to transfer under 28 U.S.C. § 1404(a).

Even if a partial transfer could be accomplished, it would result in a number of negative, or at least complicating, implications all of which weigh against such action. For example, in the event of the transfer of only a part of the case from Rhode Island to Massachusetts, it is not clear which court should decide whether to stay any remaining claims. Precedent suggests that it should be the Massachusetts judge who would decide any request for a stay. *See Arcement v. Velocity Powerboats, Inc.*, No. CIV. 97-3666m 1998 WL 219620, at *1 (E.D. La. April 30, 1998). If this case is transferred to the District of Massachusetts, then the Rhode Island Court will not have the power to stay any other part of the case.

A more practical approach to the management of the various cases, including those pending in Massachusetts and here in Rhode Island, is to allow the cases to proceed in their normal course. As for any issues which may be common to all of the cases, Transcon and Old Republic can simply agree that discovery on those issues shall be applicable in all of the cases. In that way, duplicative discovery will be limited and resources conserved. There is no need for the courts to enter a convoluted order which transfers portions of cases and attempts to reserve jurisdiction as to others, as Transcon suggests.

**B. There Is No Substantial Overlap Of The Pending Cases**

As mentioned above, Transcon's motion to transfer the declaratory judgment count to Massachusetts is based upon one legal argument – the "first-to-file rule." "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th

Cir. 1999). In its motion, Transcon asserts that "[t]here is more than a 'substantial overlap' between the declaratory relief claims in the Massachusetts Complaint and Rhode Island Complaint. Each of the declaratory relief counts are duplicative of one another." What Transcon ignores, however, is that the bulk of the claims involved in the pending cases are not declaratory relief claims, and have absolutely nothing in common. The facts set forth in the two complaints relating to the fault-based claims demonstrate that the issues raised in the Massachusetts case and the Rhode Island case do not "substantially overlap."

The significant difference between the claims asserted in Massachusetts and those asserted in Rhode Island compel denial of Transcon's motion. The first three claims asserted in the Complaint involve a real estate transaction in Rhode Island. All of the expected witnesses involved in those claims reside in Rhode Island, and Rhode Island law applies. Similarly, the individual title claims which are the subject of the Massachusetts Case have no relation to the Rhode Island claims, have no common witnesses, and will apply Massachusetts law. Thus, between the totality of the claims asserted in the Massachusetts Case and the Rhode Island Case, there is an overlap on only one claim. This one claim does not constitute a "substantial overlap."

### C. Transcon Has Failed To Prove That A Transfer Is Warranted Under The Relevant Factors

As stated, 28 U.S.C. § 1404(a) governs the ability of a federal district court to transfer a case to another district. As established above, such a transfer cannot be piecemeal, but is "all or none." Thus, this Court's analysis must focus on whether it is appropriate for the entire case to be transferred to Massachusetts.

The statutory language of § 1404(a) reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Id. Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors. As the Supreme Court has explained, "[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In this district, a party seeking transfer of a case pursuant to 28 U.S.C. § 1404(a), must prove:

1. The availability of an alternative forum in which the plaintiff may litigate its claim; and,

2. That the alternative forum is more convenient for the parties and the witnesses; and,

3. That transfer will serve the interests of justice.

*Elbalah v. Republic Ins. Co.*, 879 F. Supp. 3, 4 (D.R.I. 1995); *see also McGlynn*, 234 B.R. at 582. Of these factors, convenience of the witnesses is the most important. *Elbalah* at 4 n.1. In *Elbalah*, Judge Torres stated that the analysis "involves consideration of something more than the number of witnesses located in the respective forums. It requires an assessment of the nature and quality of their testimony in relationship to the issue in the case." *Id*. "Parties must state with particularity, by way of proof or affidavit, what witnesses are to be called and what the nature of their testimony and the extent of their inconvenience will be." *Id*. (collecting authority). Transcon has

offered the Court no information in this regard and not even attempted to carry its burden of proof. This provides the Court with yet another solid basis for denying its motion.

## CONCLUSION

For the reasons set forth above, Transcon's Motion to Transfer Declaratory Judgment Count and Counterclaim to Massachusetts and Stay Remainder of Case Pending Outcome of Massachusetts Case should be denied.

Dated: Providence, Rhode Island
August 28, 2007

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,

By its attorneys

/s/ *Geoffrey W. Millsom*

Geoffrey W. Millsom
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
gmillsom@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2007, a copy of the foregoing Memorandum Of Old Republic National Title Insurance Company In Opposition To Defendant's Motion To Transfer Declaratory Judgment Count And Counterclaim And To Stay Remainder Of The Case was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Geoffrey W. Millsom*

426577_1.doc