UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCONTINENTAL TITLE COMPANY,<br><br>Defendants. | ) | CIVIL ACTION NO. 07-288-ML |

**REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER DECLARATORY JUDGMENT COUNT AND COUNTERCLAIM TO MASSACHUSETTS AND STAY REMAINDER OF THE CASE**

Old Republic[1] would have this Court believe that all of the cases it has filed across the country against TCT are distinct. Old Republic's actions in each of the federal cases in which TCT has filed its Motion belie this argument. Though represented by separate counsel in each state, Old Republic has filed nearly the same opposition in all cases. Old Republic's arguments are a mere smokescreen designed to obfuscate the applicability of (and the policies behind) the well-settled first-filed rule.[2]

Old Republic advances essentially two arguments in response to the Motion: (1) that a portion of a case cannot be transferred to another jurisdiction; and (2) that the District of

[1] Unless otherwise defined, all capitalized words shall have the meanings ascribed to them in the Motion.

[2] Significantly, Old Republic omits from its Opposition the fact that the federal district courts in Louisiana and Iowa (two of the states in which Old Republic filed the duplicative claims), have already ruled that, based on the first-to-file rule, the cases should be transferred to Massachusetts and stayed, respectively, pending a decision by the Massachusetts court on the first-to-file motion. This Court, like these other federal courts, should defer to the federal court in Massachusetts on the pending first-to-file Motion (with respect to the identical declaratory judgment claims filed in all of the federal cases, including Rhode Island).

Massachusetts needs to decide the application of the first-filed rule.[3] As set forth below, all of Old Republic's arguments lack merit.

**1. Transfer of the Declaratory Judgment Claim**

Old Republic asserts that it would be improper for this Court to transfer the declaratory relief count to Massachusetts and stay the remaining claims against TCT which arise from the real estate closing that transpired in Rhode Island (the "Negligence Claims"). This assertion is without merit. It is well-settled that the "first-to-file" rule "can be used by courts to stay,[4] enjoin, or transfer[5] a later-filed action." *Keating Fibre International, Inc. v. Weyerhaeuser Company, Inc.*, 416 F.Supp.2d 1048, 1051 (E.D.Pa. 2006). Old Republic asserts that this Court cannot transfer the declaratory judgment claim without also transferring all of the remaining claims, but nowhere does 28 U.S.C. § 1404(a) preclude a court from transferring just the declaratory judgment claim to Massachusetts.

Old Republic's overlooks the benefit that all parties would realize if there was a ruling on the declaratory judgment claim before reaching, if necessary, the Negligence Claims. There is nothing that prohibits a partial transfer of this case where the outcome of the Negligence Claims depends on the interpretation of the Excessive Claims Provision and its interrelation with the

[3] Old Republic also claims that TCT has failed to prove that transferring the case to Massachusetts is both convenient and fair to the parties, the witnesses and the Court. As an initial matter, the case cited by Old Republic in support of this proposition, *Elbalah v. Republic Ins. Co.*, 879 F. Supp. 3 (D.R.I. 1995), does not involve application of the "first-filed" doctrine and should, therefore, be afforded little weight. That aside, it would be folly to suggest, as Old Republic does, that proceeding with multiple, identical claims in multiple jurisdictions across the country is in anyone's best interests.

[4] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

[5] Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division." The court is required to consider and balance a number of factors in determining whether to transfer a case including "(1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interest of justice." *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F.Supp.2d 708, 715 (E.D.Va. 2005) (internal citations omitted). The "first-to-file" rule falls within the "interest of justice" factor. *See id.*

Responsibility of Loss Provision. The declaratory judgment claim and Negligence Claims can, and should, be severed such that one court resolves the necessary prior issue of interpreting the Excessive Claims Provision.

Alternatively, this Court can stay the entire case pending the outcome of the declaratory judgment claim in Massachusetts. A court has total discretion to control its docket. Nothing prevents this Court from exercising its prudential power of staying this case pending the outcome of the first-filed case in Massachusetts. *See PPG Industries, Inc. v. Continental Oil Company*, 478 F.2d 674, 679-80 (5th Cir. 1973) (federal court action stayed in deference to parallel state court action involving same parties and same issues).

There is no prejudice to Old Republic if the Rhode Island case is stayed. Old Republic's filing of substantially identical briefs in response to the Motions shows that Old Republic recognizes that there is one controversy between TCT and Old Republic. It is far better for the declaratory judgment claim to be decided in the first-filed case. The first-to-file rule "rests on principles of comity and sound judicial administration and is used by courts to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Nabors Drilling USA, L.P. v. Markow, Walker, PA*, 451 F.Supp.2d 843, 845 (S.D. Miss.2006) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.2d 599, 604 (5th Cir. 1999)). The "concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power Limited v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). If necessary, the parties can litigate any remaining issues after the Massachusetts declaratory judgment claim is decided.

**2. Jurisdiction to Decide First to File Motion**

It is not a definitive rule amongst the circuits that Massachusetts is the court that needs to decide whether this Court stays, enjoins or transfers the duplicative declaratory judgment claim. While some courts have held that the "first-filed" court should decide whether to stay, transfer or enjoin the subsequently filed cases, [6] other courts have ruled to the contrary. *See, e.g.*, *Keating Fibre,* 416 F.Supp.2d at 1048 (Pennsylvania court transferred case to "first-filed" jurisdiction of Washington); *Nabors Drilling*, 451 F.Supp.2d at 843 (Mississippi court transferred case to "first-filed" jurisdiction of Texas). Accordingly, this Court may rule on this Motion.

Moreover, if this Court believes that Massachusetts should determine whether Old Republic's declaratory-judgment claim should be transferred and the rest of the case stayed, then this Court should simply transfer this matter to Massachusetts for resolution, as the Fifth Circuit ordered in *Sutter Corporation v. P&P Industries, Inc.,* 125 F.3d 914 (5th Cir. 1997).[7] *See also Cadle Company,* 174 F.3d at 599 (motion to dismiss based on first-filed rule transferred to first-filed court for decision); *Daimler-Chrysler Corporation v. General Motors Corporation*, 133 F.Supp.2d 1041 (N.D.Ohio 2001)(subsequent case stayed pending decision by "first-filed'' case regarding whether the subsequent case should be dismissed). The filing of the Motion in Rhode Island does not render the Motion moot or "procedurally defective." Rather, if this Court believes that Massachusetts should decide this issue, this Motion should simply be transferred by this Court to the Massachusetts Court for its decision or stayed pending the Massachusetts court's ruling on TCT's transfer motion.

---

[6] Contrary to Old Republic's assertions in the Opposition, *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002 (8th Cir. 1993) does not hold that the "first-filed" motion needs to be decided by the "first-filed" court and that any motion filed in the subsequent cases is procedurally defective.

[7] In an abundance of caution, TCT filed a first-to-file Motion in Massachusetts on July 23, 2007. If this Court believes it must defer to Massachusetts, it can simply defer ruling on this Motion, pending a decision by the Massachusetts court.

## Conclusion

Old Republic's strategy of filing duplicative claims in multiple jurisdictions is why the first-filed rule exists. One would be hard-pressed to find a better case to apply the first-filed rule. Old Republic deliberately chose to file its first case in Massachusetts. It cannot now argue that it would be prejudiced by having to litigate there. This court should, thus, grant TCT's Motion.

TRANSCONTINENTAL TITLE COMPANY,

By Its Attorneys,

CARROLL KELLY & MURPHY

/s/Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404
pbuckley@ckmlaw.com

Dated: September 5, 2007

CERTIFICATION

*I hereby certify that on the 5th day of September, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Geoffrey W. Millsom, Esq., gmillsom@apslaw.com will receive notice through the ECF system.*

/s/ Patricia A. Buckley